{¶ 32} I concur with the majority holding and analysis with respect to the first assignment of error. On the question of sufficiency raised in the second assignment of error, I agree with the majority analysis regarding the possession of cocaine charge, but respectfully dissent from the holding and analysis on the possession of criminal tools charge.
 {¶ 33} The majority points out that "the state was required to prove that the defendant's explanation that she had the money for the purpose of buying and selling jewelry to her friends was not credible". The state met this burden. The court, sitting as the trier of fact declined to accept Larios's explanation in light of the facts presented at trial. Larios was carrying in excess of $7,000 in cash. Her traveling companions had been identified by authorities in Los Angeles as possible drug couriers. Larios discarded drugs when police approached her on the plane and the trial court found her explanations that the money came from working for a plastic manufacturer and selling jewelry were not credible.
 {¶ 34} Evidence that a defendant knowingly transports, delivers or distributes drugs may be used by the jury to reasonably conclude that the money possessed by a defendant was used to facilitate drug transactions as a criminal tool. Statev. Reese, (August 18, 1988), Cuyahoga App. No. 54105.
 {¶ 35} The trial court is not required to believe Larios's explanation in light of other facts in the record. For the above reasons, I would affirm the decision of the trial court as to the sufficiency of the evidence supporting the conviction for possession of criminal tools.